(45 Misc. Rep. 649)

ROSENTHAL v. CRISTAL et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. SALE—VENDOR'S LIEN—SUFFICIENCY OF EVIDENCE.

Evidence, in an action to foreclose a vendor's lien on a piano, *held* insufficient to show that the only defendant served with process or appearing in the action ever had possession of or any interest in the piano.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action to enforce vendor's lien by Louis Rosenthal against Ester Cristal and another. There was judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

David J. Wagner, for appellants.
Max Solomon, for respondent.

GILDERSLEEVE, J. The facts herein are not disputed. Plaintiff and his partner delivered to the defendant Cristal a piano, under one of the usual conditional sale contracts, title to remain in the ·vendor until complete payment of the purchase price by the vendee. Subsequently the plaintiff succeeded to the interest of his partner in the ownership of the piano, and brought this action against Cristal and Schmitt. Cristal was not served, and Schmitt alone appears, and appeals· from the judgment obtained against him. This judgment provides, among other things, that the plaintiff has a lien upon the piano in question; that the amount of such lien is $225; that plaintiff have possession of said piano; that a sale thereof be had; that the proceeds thereof be applied, after payment of the cost and expenses of the sale, to the payment of the lien and costs, and the surplus, if any, to be paid to the clerk of the court, to be retained until claimed by the defendant; that plaintiff have a judgment for $225 damages and for costs, and that plaintiff have execution therefor.

The plaintiff failed upon the trial to prove the slightest connection with his vendee, Cristal, and the defendant Schmitt, nor did he even prove possession of the piano in Schmitt. The only testimony given as to Schmitt's having the piano in his possession was by the plaintiff, who, on his direct examination, testified that he asked Schmitt for the piano. Whether he refused to deliver it or not does not appear; he also asked Schmitt for its value, $225, and that he had not been paid. Upon his cross-examination he testified that he never saw Schmitt, but that he saw Mrs. Schmitt;

that he asked her for the piano; that she was in a candy store; that she said her husband bought the piano at an auction sale; and that the candy store where he saw the defendant's wife was not in the building where he saw the piano. On the other hand, defendant Schmitt testified that his mother-in-law owned the building, in which he occupied four rooms upon the top floor; that he had a piano of his own; that he had seen the piano mentioned by the plaintiff upon the lower floor, where his mother-in-law had rooms; that he never made any claim to such piano or had it in his possession; and that at the time of the trial the piano in question was at his mother-in-law's house, and not in his rooms.

It is clear that there was nothing in the proof to warrant a judgment against this defendant. If there had been any testimony from which it could be even properly inferred that there had been a devolution of interest, that Schmitt had in any way acquired the interest of plaintiff's vendee in the property, or if possession in Schmitt had been shown and a refusal by him to either deliver possession of the property upon demand or to pay the balance of the purchase price due thereon, there would have been some foundation for the judgment rendered; but from all that appears in the record the plaintiff has served an entire stranger to the transaction between himself and his vendee with process, and seeks to hold him for the value of the property, of which he has no possession and in which he has no interest.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.